SAMUEL, Judge.
Plaintiffs, James R. Pertuit and his insurer, Federal Insurance Company, filed this suit against Charles J. Munch & Sons, Inc., and its insurer, Insurance Company of North America, for damages they allege were caused by the negligence of Munch in the installation of plumbing fixtures in the Pertuit residence causing extensive flooding therein. The defendants’ answer denies negligence on Munch’s part.
After, a trial on the merits, judgment was rendered in favor of plaintiffs and against defendants in the amount of stipulated damage^. Defendants have appealed.
The evidence contained in the record consists of the testimony of both parties, the testimony of their experts in the field of engineering, and some exhibits. There is conflict in the testimony.
The trial judge assigned written reasons for judgment. In those reasons the court stated he found Munch had installed the plumbing in a bathroom in Pertuit’s home during the course of its remodeling. The work was completed on April 22, 1974, at which time the faucets worked properly. Shortly after completion, Mrs. Pertuit noticed water draining from the vanity in the bathroom and Mr. Pertuit had the valves to the faucets closed by the marble contractor who had installed the vanity top. The marble contractor noticed fittings on the hot water installation were loose and required a few turns to close. No damage resulted, and the valves remained closed until June 23, 1974.
The trial court further found that on July 23,1974 Pertuit opened the stop valves and, when no leaks appeared, left them open. On several occasions prior to retiring he checked for leaks and found none. During the night he was awakened by a hissing sound and found water spurting out of the vanity in the bathroom. When he attempted to close the stop valves, the cold water pipe between the valve and the faucet pulled completely out of its fitting. The trial court concluded the pipes had not been changed or damaged subsequent to the work performed by Munch, there had been no negligence on the part of Pertuit when he attempted to close the valves, and the leak and subsequent damage were caused *676 by Munch’s negligent workmanship in failing to properly tighten the fittings.
The proper allocation of trial and appellate court functions requires the reviewing court to afford great weight to the conclusions of the trier of fact. When conflict in the testimony exists, reasonable evaluations of credibility and inferences of fact cannot be disturbed on appeal in the absence of manifest error, even if the appellate court concludes its own evaluations and inferences are equally reasonable.[1]
Given this wide discretion if fact finding, the record does not disclose sufficient evidence to support a reversal of the trial court’s conclusion that the defendant plumber’s negligence was the cause of the flooding.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. Canter v. Koehring Co., La., 283 So.2d 716.